Receipt number AUSFCC-10568563

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ENTERGY LOUISIANA, LLC, AS OWNER OF RIVER BEND STATION, <br><br>     Plaintiff, <br><br>  v. <br><br>THE UNITED STATES, <br><br>     Defendant. | No. **25-1164 C** <br> (Judge _____) |

**COMPLAINT**

Plaintiff Entergy Louisiana, LLC ("Entergy Louisiana"), by and through its undersigned counsel, hereby alleges as follows for its complaint against Defendant the United States (the "Government"):

**NATURE OF THE CASE**

1. This is the "fourth round" spent nuclear fuel lawsuit regarding the River Bend Station nuclear power plant ("River Bend") located in St. Francisville, Louisiana. Entergy Louisiana, the owner of River Bend, brings this lawsuit pursuant to 28 U.S.C. § 1491 to recover damages caused by the Government's material partial breach of its obligation to begin disposing of spent nuclear fuel and high level nuclear waste (collectively, "SNF") generated by River Bend. This lawsuit seeks recovery of costs incurred by Entergy Louisiana beginning on March 1, 2020 through at least June 30, 2025.[1]

2. Pursuant to the Nuclear Waste Policy Act of 1982, as amended, 42 U.S.C. §§ 10101 *et seq.* ("NWPA"), the Government, by and through the Department of Energy ("DOE"), and Entergy

---

[1] There is the potential Entergy Louisiana may seek to extend the cut off date of the claim period depending on factors such as the scheduling order entered by the court or any delays in the discovery process caused by the government's litigation tactics.

Louisiana's predecessor entered into a contract in 1984, Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, Contract No. DE-CR01-84RW00010 (the "Standard Contract"), under which substantial fees were paid by Entergy Louisiana (or its predecessors in interest) in return for DOE's obligation to remove and dispose of SNF from the industry beginning no later than January 31, 1998.  Entergy Louisiana and its predecessors have fully complied with the fee payment obligations under the Standard Contract.  The Government, however, has failed to perform its reciprocal obligation to dispose of SNF and currently does not plan to meet these obligations until 2048, if at all.  Entergy Louisiana has incurred and will continue to incur significant costs associated with procuring additional SNF storage capacity and other damages as a result of DOE's partial material breach of its contractual obligations.

**PARTIES**

3.      Plaintiff Entergy Louisiana is the current licensed owner of River Bend, for which the Nuclear Regulatory Commission ("NRC") issued a license to operate in November 1985.

4.      Defendant is the United States of America (the "Government"), acting through DOE.

5.      Pursuant to the NWPA, Entergy Louisiana's predecessor in interest, Gulf States Utilities, executed the Standard Contract with DOE pursuant to which DOE is obligated to accept and dispose of the SNF generated by River Bend in return for payment of specified fees.[2]

6.      Gulf States Utilities merged with Entergy Gulf States, Inc. in December 1993. Effective December 31, 2007, Entergy Gulf States, Inc. completed jurisdictional separation into two vertically integrated utility companies, one of which was Entergy Gulf States Louisiana, L.L.C., which retained ownership of River Bend.  On October 1, 2015, Entergy Gulf States

---

[2] Entergy Louisiana is also a party to a seperate Standard Contract for the Waterford 3 Steam Electric Station in Killona, Louisiana, Contract No. DE-CR01-84RW00009, that is not the subject of this lawsuit.

Louisiana, L.L.C. implemented a business combination pursuant to the Texas Business Organizations Code with the former Entergy Louisiana, LLC, involving transfer of all of Entergy Gulf States Louisiana, L.L.C.'s assets, including River Bend and all rights and obligations under the Standard Contract, to a new company named Entergy Louisiana, LLC.  Therefore, Entergy Louisiana, LLC is a party to Contract No. DE-CR01-84RW00010 by operation of law, and Plaintiff has standing to bring this suit.  Plaintiff provided notice to DOE of the business combination on October 22, 2015.

7.    River Bend has generated and continues to generate SNF, which is stored at the plant site in St. Francisville, Louisiana.

## JURISDICTION

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1).  *See PSEG Nuclear, LLC v. United States*, 465 F.3d 1343, 1349 (Fed. Cir. 2006) (holding that the Court of Federal Claims had jurisdiction under the Tucker Act (28 U.S.C. § 1491) to hear plaintiff's partial breach of contract claims against DOE for failure to pick up plaintiff's SNF as required under the Standard Contract).

9.    DOE's failure to comply with its contractual obligation to begin disposing of SNF by January 31, 1998 constitutes a material partial breach of the Standard Contract, for which Plaintiff may seek recovery.  *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1374, 1378 (Fed. Cir. 2005).  Further, this court has previously found that DOE partially breached the Standard Contract with respect to River Bend.  *Entergy Gulf States, Inc. v. United States*, 125 Fed. Cl. 678, 685, 717 (2016).

## FACTUAL BACKGROUND

### The Standard Contract

10.     In 1982, Congress enacted the NWPA, codifying DOE's commitment to accept responsibility and provide for the timely disposal of commercial SNF.  Pursuant to Section 302(a)(5)(B) of the NWPA, 42 U.S.C. § 10222(a)(5)(B), DOE was required to commence disposing of commercially-generated SNF no later than January 31, 1998, in return for the payment of fees into the Nuclear Waste Fund by utilities and others that generated or held title to the SNF.

11.     In 1983, pursuant to Section 302 of the NWPA, DOE developed the Standard Contract.  The Standard Contract embodies the reciprocal obligations mandated by the NWPA, pursuant to which contract holders agree to pay fees into the Nuclear Waste Fund in return for the provision of SNF disposal services by DOE, beginning no later than January 31, 1998.  *See* 10 C.F.R. § 961.11.  Specifically, the Standard Contract provides that "[t]he services to be provided by DOE under this contract shall begin, after commencement of facility operations, not later than January 31, 1998 and shall continue until such time as all SNF . . . has been disposed of."  10 C.F.R. § 961.11, Art. II.

12.     Entergy Louisiana, through its predecessor, executed the Standard Contract, Contract No. DE-CR01-84RW00010, with DOE on August 28, 1984.  Through the date of this complaint, Entergy Louisiana has paid more than $179 million into the Nuclear Waste Fund pursuant to the Standard Contract on behalf of River Bend.

13.     DOE did not begin to dispose of SNF by January 31, 1998, as required by the NWPA and Standard Contract.  For more than twenty-five years since the 1998 performance date, DOE has continued its retreat on the date a permanent geological repository will become operational  from 2010 to 2017 to 2020 and now, in its latest projections made in January 2013, the year 2048, and has failed and refused to provide any firm commencement date for the disposal of SNF.

4

14.     In *Maine Yankee*, decided by the Federal Circuit on August 31, 2000, the Federal Circuit concluded that the Government's admitted failure to begin accepting SNF by the January 31, 1998 contractual deadline constituted a partial breach of the Standard Contract.  225 F.3d at 1342.  In the companion *Northern States* case, the Federal Circuit held that the unavoidable delays provision of the contract "does not bar a suit seeking damages for the Government's failure to begin performance at all by the statutory and contractual deadline of January 31, 1998."  224 F.3d at 1367.  In summary, the Federal Circuit has determined as a matter of law that DOE partially breached the contract and that Entergy Louisiana and other similarly situated utilities that are parties to the Standard Contract can bring an action for partial breach of contract damages in this Court. Thus, the issue of the Government's liability for partial breach of the Standard Contract has been established, and the only remaining issue in this case is the amount of damages to which Entergy Louisiana is entitled.

### Previous Lawsuits Against the Government Regarding River Bend

15.     "First Round" Case.  In 2003, Entergy Gulf States, Inc., Plaintiff's predecessor, brought a lawsuit against the Government for, *inter alia*, partial breach of the Government's obligation to begin disposing of SNF generated at River Bend.  *See Entergy Gulf States, Inc. v. United States*, No. 03-2625C (Fed. Cl.) (Williams, J.).  The United States Court of Appeals for the Federal Circuit has found that, in a suit for partial breach of contract, a plaintiff may recover "damages for nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance." *Indiana Michigan Power Co.*, 422 F.3d at 1376.  In compliance with the *Indiana Michigan* decision, Plaintiff's initial claim sought damages only for costs incurred by Plaintiff through December 31, 2010.  The trial was conducted over eleven days in May and June of 2015.  The Court issued a series of Opinions and Orders awarding $47,539,368 in damages to Entergy Louisiana's predecessor. *Entergy Gulf States, Inc.*, 125 Fed. Cl. at 678; *Entergy Gulf*

*States, Inc. v. United States*, 128 Fed. Cl. 335 (2016); *Entergy Gulf States, Inc. v. United States*, 129 Fed. Cl. 135 (2016).

16.    "Second Round" Case.  In accordance with the Federal Circuit's decision in *Indiana Michigan Power Co.*, 422 F.3d at 1376, finding that in a suit for partial breach of contract, a plaintiff may recover "damages for nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance," Entergy Louisiana brought a second lawsuit to recover damages incurred during the period between January 1, 2011 through December 31, 2016 caused by the Government's partial breach of its obligation to begin disposing SNF generated by River Bend.  *Entergy Louisiana, LLC v. United States*, No. 16-1717C (Fed. Cl.) (Williams, J.).[3] Prior to trial, on July 11, 2019, the Government made an offer of judgment to Entergy Louisiana pursuant to Rule 68 of the Rules of the United States Court of Federal Claims.  On July 22, 2019, Entergy Louisiana formally accepted the Government's offer of judgment.  On August 23, 2019, the clerk of court entered final judgment in favor of Entergy Louisiana in the amount of $19,000,000.

17.    "Third Round" Case.  In accordance with the Federal Circuit's decision in *Indiana Michigan Power Co.*, Entergy Louisiana brought a third lawsuit to recover damages incurred during the period between January 1, 2017 through February 29, 2020 caused by the Government's partial breach of its obligation to begin disposing SNF generated by River Bend.  *Entergy Louisiana, LLC v. United States*, No. 20-16CC (Fed. Cl.) (Holte, J.).  Prior to trial, on August 23, 2021, the Government made an offer of judgment to Entergy Louisiana pursuant to Rule 68 of the

---

[3] The claim period for the "second round" case was originally defined in the complaint as spanning from January 1, 2011 through December 29, 2016.  However, during the course of discovery, the claim period was extended—as identified in Entergy Louisiana's Supplemental Rule 26(a) Initial Disclosures Regarding Computation of Damages— through December 31, 2016.  As a consequence, the judgment entered by the Court in the "second round" case addressed the damages that Entergy Louisiana had incurred from January 1, 2011 through December 31, 2016.  The claim period at issue in this case therefore begins on January 1, 2017.

6

Rules of the United States Court of Federal Claims.  On August 24, 2021, Entergy Louisiana formally accepted the Government's offer of judgment.  On August 26, 2021, the clerk of court entered final judgment in favor of Entergy Louisiana in the amount of $20,782,651.00.

18.    "Fourth Round" Case: In accordance with the Federal Circuit's instruction in *Indiana Michigan* to bring separate actions for damages "as they are incurred," Entergy Louisiana brings this fourth lawsuit to recover damages incurred during the period commencing on March 1, 2020 through at least June 30, 2025 caused by the Government's continuing partial breach of its obligation to begin disposing of SNF generated by River Bend.

## Nature of Damages
## Sustained by Entergy Louisiana as a Result of the Government's Partial Breach

19.    As a direct consequence of the Government's partial breach of its contractual obligations, Entergy Louisiana has been forced to incur substantial additional costs to provide for extended on-site storage of its SNF.  Moreover, Entergy Louisiana has incurred other substantial damages, including but not limited to, regulatory costs, taxes and fees, and insurance costs associated with efforts to ensure sufficient storage capacity to permit continued operation of its nuclear plant.

20.    More specifically, as a direct and proximate result of the Government's continuing partial breach of the Standard Contract, Entergy Louisiana has incurred damages including, but not limited to: (1) continuing engineering costs associated with dry fuel storage equipment and facilities; (2) continuing security costs associated with changes in the protected area and security plan as a direct result of the Independent Spent Fuel Storage Installation ("ISFSI") construction; (3) continuing maintenance costs associated with the ISFSI and haul path; (4) licensing and regulatory costs associated with obtaining pertinent NRC fees and approvals and NRC preoperational demonstrations, and periodic NRC inspections; (5) costs associated with the design,

procurement, testing, maintenance and operation of dry fuel storage ancillary equipment; (6) costs associated with the development of procedures and the training of employees, management, craftsmen, and contractors in support of dry fuel storage; (7) ongoing dry fuel storage loading campaign costs consisting of capital expenditures and operational and maintenance costs, including costs for acquisition of additional storage cask systems and cask loading costs; and (8) premiums associated with procuring insurance coverage related to the presence of an ISFSI and dry fuel casks.

## CLAIMS FOR RELIEF

### COUNT I
### (Partial Breach of Contract)

21.     Paragraphs 1 through 20 are incorporated herein by reference as if set forth in full.

22.     Entergy Louisiana has complied and continues to comply with all of its obligations under the Standard Contract, including the payment of all required fees into the Nuclear Waste Fund.

23.     The Government has failed to perform its obligation under the Standard Contract to dispose of SNF beginning no later than January 31, 1998 and thereby has partially and materially breached the Standard Contract.

24.     As a direct and proximate result of the Government's partial material breach of the Standard Contract, Entergy Louisiana has incurred substantial damages including but not limited to those set forth in paragraph 22 above.

### COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing) (Alternative)

25.     Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in full.

26.     In the alternative to Counts I and III, the Standard Contract between Entergy Louisiana and the Government contains an implied covenant of good faith and fair dealing,

8

pursuant to which the Government has a duty to perform its obligations under the contract in good faith and to not take actions detrimental to Entergy Louisiana's contractual rights. The Government has breached the covenant of good faith and fair dealing by, among other things: failing and refusing to make any effort to meet the contractual deadline for beginning to dispose of SNF; attempting to avoid its obligations under the contract as defined by the D.C. Circuit; failing to make any effort to dispose of Entergy Louisiana's SNF or even to provide Entergy Louisiana with a firm date on which DOE will begin to do so.

27.    In contrast to the Government's failure to take any action to meet its contractual commitments, the Government has taken action to receive, transport, and store SNF from other entities. For example, the Government has accepted and continues to store SNF from foreign research reactors.

28.    As a direct and proximate result of the Government's breach of the implied covenant of good faith and fair dealing, Entergy Louisiana has suffered and will continue to suffer damages as alleged above.

## COUNT III

### (Taking Without Just Compensation) (Alternative)

29.    Paragraphs 1 through 20 are incorporated herein by reference as if set forth in full.

30.    In the alternative to Counts I and II, Entergy Louisiana alleges that based on the Government's commitment to dispose of SNF, which was codified with a date certain in the NWPA, the Government was and is unequivocally obligated under the Standard Contract and NWPA to commence acceptance and disposal of Entergy Louisiana's SNF no later than January 31, 1998.

31.    The Government's failure and refusal to comply with the requirements of the Standard Contract for acceptance and disposal of SNF generated at the River Bend nuclear plant constitutes a taking of Entergy Louisiana's vested real property rights. For example, the

9

Government's failure to honor its commitments under the Standard Contract will prevent Entergy Louisiana from being able to decommission its nuclear plant site and devote that site to commercial uses as soon as it otherwise would have been able to do so.  The Government's conduct has deprived, and will continue to deprive, Entergy Louisiana of the full valuable economic use of that site, as well as the real property on which the SNF is stored and from which it cannot lawfully be removed.

32.    Entergy Louisiana is entitled to just compensation for this taking of its real property in an amount to be determined at trial.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Entergy Louisiana respectfully request that the Court enter judgment in its favor and against the United States as follows:

(a) On Count I, for damages in an amount to be established at trial;

(b) On Count II, in the alternative, for damages in an amount to be established at trial;

(c) On Count III, in the alternative, for damages in an amount to be established at trial;

(d) Pre-judgment and post-judgment interest as permitted by law;

(e) Costs of suit, including reasonable attorneys' fees as permitted by law; and

(f) Such other and further relief as this Court may deem proper.

Dated: July 11, 2025                    Respectfully submitted,

*s/ Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 240E
Birmingham, AL  35223
Telephone: (205) 783-5750
robin@langleybromberg.com

Counsel of Record for Plaintiff,
Entergy Louisiana, LLC

**OF COUNSEL:**

Samuel O. Morris IV
**ENTERGY SERVICES INC.**
1340 Echelon Parkway
Jackson, MS  39213
Telephone: (601) 368-5476
Smorri5@entergy.com

Eric B. Langley
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 240E
Birmingham, AL  35223
Telephone: (205) 783-5750
eric@langleybromberg.com

11